# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

DORCAS LEWIS,

              Plaintiff,

v.                                           Case No. 8:22-cv-1398-JRK

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,

              Defendant.

_____/

## OPINION AND ORDER[1]

### I.   Status

Dorcas Lewis ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claim for supplemental security income ("SSI"). (Plaintiff originally filed for both SSI and disability insurance benefits ("DIB"), but as explained below, she requested during the administrative proceedings to dismiss the DIB application). Plaintiff's alleged inability to work is the result of diabetes, muscle spasms, asthma, anemia, anxiety, hidradenitis, and carpel tunnel syndrome. Transcript

---

[1]      The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 13), filed September 15, 2022; Reference Order (Doc. No. 16), entered September 15, 2022.

of Administrative Proceedings (Doc. No. 14; "Tr." or "administrative transcript"), filed September 15, 2022, at 58, 65, 78, 85, 232.

On November 7, 2019, Plaintiff protectively filed applications for DIB and SSI, alleging a disability onset date of October 28, 2006. Tr. at 192-95 (DIB), 196-202 (SSI); see also Tr. at 58, 65, 78, 85 (listing protective filing dates). The applications were denied initially, Tr. at 58-64, 76, 99, 100-05 (DIB); Tr. at 65-75, 77, 106, 107-09 (SSI), and upon reconsideration, Tr. at 78-84, 97, 112, 113-18 (DIB); Tr. at 85-96, 98, 119, 120-25 (SSI).

On July 20, 2021, an Administrative Law Judge ("ALJ") held a hearing, during which she heard from Plaintiff, who was represented by counsel, and a vocational expert ("VE").[2] Tr. at 33-57. During the hearing, Plaintiff requested that the DIB claim be dismissed, and the ALJ granted that request. Tr. at 38-39; see also Tr. at 11. On November 3, 2021, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 11-22.

Thereafter, Plaintiff requested review of the Decision by the Appeals Council and submitted a brief authored by her counsel in support. Tr. at 5-6 (Appeals Council exhibit list and order), 187-89 (request for review), 293-98 (brief with printout). On April 21, 2022, the Appeals Council denied Plaintiff's

---

[2]     The hearing was held via telephone, with Plaintiff's consent, because of extraordinary circumstances caused by the early stages of the COVID-19 pandemic. Tr. at 35, 147-60.

request for review, Tr. at 1-4, making the ALJ's Decision the final decision of the Commissioner. On June 21, 2022, Plaintiff commenced this action under 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), by timely filing a Complaint (Doc. No. 1) seeking judicial review of the Commissioner's final decision.

Plaintiff on appeal focuses on her skin condition and argues the ALJ erred by: 1) finding at step three that Plaintiff does not meet or medically equal a listed impairment; and 2) relying on the VE's testimony after an incomplete hypothetical was presented to the VE. Memorandum in Opposition to the Commissioner's Decision (Doc. No. 19; "Pl.'s Mem."), filed October 20, 2022, at 2; see id. at 6-12, 12-14. On December 9, 2022, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 20; "Def.'s Mem.") addressing Plaintiff's arguments. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for reconsideration of the evidence on Plaintiff's skin condition, including whether it meets or equals a Listing, and whether it affects Plaintiff's residual functional capacity ("RFC").

## II.   The ALJ's Decision

When determining whether an individual is disabled,[3] an ALJ must follow the five-step sequential inquiry set forth in the Regulations, determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 14-22. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since October 28, 2006, the alleged onset date." Tr. at 14 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following

---

[3]      "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

severe impairments: diabetes mellitus, obesity, anxiety, hidradenitis suppurativa, and spine disorders." Tr. at 14 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1" ("Listing(s)"). Tr. at 14 (emphasis and citation omitted).

> The ALJ determined that Plaintiff has the following RFC:
>
> [Plaintiff can] perform medium work as defined in 20 CFR [§§] 404.1567(c) and 416.967(c) except [Plaintiff] can occasionally lift or carry 50 pounds and frequently lift or carry 25 pounds; can sit for a period of 6 hours, stand for a period of 6 hours, and walk for a period of 6 hours; can push/pull as much as [she] can lift/carry; frequent exposure to extreme cold and extreme heat; limited to performing simple and routine tasks as defined by the DOT as SVP level 1 or 2 with a reasoning level of no greater than 2; occasional contact or interactions with supervisors; frequent contact or interactions with co-workers and the general public; and can maintain attention, concentration, persistence and pace in 2 hour increments throughout an 8-hour workday with normal work breaks.

Tr. at 16-17 (emphasis omitted).

At step four, the ALJ found that Plaintiff "has no past relevant work." Tr. at 20 (some emphasis and citation omitted). The ALJ then proceeded to the fifth and final step of the sequential inquiry. Tr. at 21-22. After considering Plaintiff's age ("25 years old . . . on the alleged disability onset date"), education ("limited education"), work experience, and RFC, the ALJ relied on the VE's testimony and found that "there are jobs that exist in significant numbers in

the national economy that [Plaintiff] can perform," Tr. at 21, such as "Floor Waxer," "Automobile Detailer," and "Dining Room Attendant." Tr. at 21 (some emphasis omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from October 28, 2006, through the date of th[e D]ecision." Tr. at 22 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial

evidence." <u>Cornelius v. Sullivan</u>, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. <u>Crawford v. Comm'r of Soc. Sec.</u>, 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

### IV.   Discussion

Plaintiff contends the ALJ erred at step three in determining her skin disorder does not meet or medically equal a Listing (particularly Listing 8.06, pertaining to the skin condition of hidradenitis suppurativa), and later by relying on VE testimony that was given in response to an incomplete hypothetical. Pl.'s Mem. at 2, 6-12, 12-14. According to Plaintiff, the ALJ's explanation at step three was "legally insufficient." <u>Id.</u> at 6. In addition, Plaintiff points out that the ALJ omitted any discussion or findings about the treatment notes on the condition that are contained in Exhibit 13F of the administrative transcript. <u>Id.</u> at 11. Plaintiff asserts the ALJ "should have utilized the services of a medical expert to give an opinion as to whether [Plaintiff] met or equaled Listing 8.06." <u>Id.</u> at 12. Moreover, argues Plaintiff, the RFC "does not take into account when [Plaintiff] would have to miss work or be limited when she had open wounds [in various areas of her body] which were painful." <u>Id.</u> at 14.

Responding, Defendant contends the ALJ did not err at step three because Plaintiff did not meet her burden to show she met or equaled the Listing. Def.'s Mem. at 5-8. As to Plaintiff's RFC argument, Defendant asserts the ALJ did not err in light of "records that Plaintiff's function remained stable throughout the relevant period as it pertained to her skin disorder." Id. at 8 (citations omitted).

At step three, the burden rests on the claimant to prove the existence of a Listing-level impairment. Carnes v. Sullivan, 936 F.2d 1215, 1218 (11th Cir. 1991). Mere diagnosis of a listed impairment is not sufficient. See, e.g., id.; see also Wilson v. Barnhart, 284 F.3d 1219, 1224 (11th Cir. 2002). "To meet a Listing, a claimant must have a diagnosis included in the Listings and must provide medical reports documenting that the conditions meet the specific criteria of the Listings and the duration requirement." Wilson, 284 F.3d at 1224 (internal quotations and citations omitted). "To equal a Listing, the medical findings must be at least equal in severity and duration to the listed findings." Id. (internal quotations and citations omitted). An ALJ is not required to "'mechanically recite' the evidence or listings she has considered." Flemming v. Comm'r of Soc. Sec. Admin., 635 F. App'x 673, 676 (11th Cir. 2015) (quoting Hutchison v. Bowen, 787 F.2d 1461, 1463 (11th Cir. 1986)).

Listing 8.06 requires: "Hidradenitis suppurativa, with extensive skin lesions involving both axillae, both inguinal areas or the perineum that persist

for at least 3 months despite continuing treatment as prescribed." In evaluating

the severity of skin disorders, the Administration will "generally base [its]

assessment of severity on the extent of [a claimant's] skin lesions, the frequency

of flareups of [a claimant's] skin lesions, how [the person's] symptoms (including

pain) limit [him or her], the extent of [the person's] treatment, and how [the]

treatment affects [the person]." Listing 8.00(C). The following considerations

are listed in the case of extensive skin lesions:

> 1. Extensive skin lesions. Extensive skin lesions are those that involve multiple body sites or critical body areas, and result in a very serious limitation. Examples of extensive skin lesions that result in a very serious limitation include but are not limited to:
>
> a. Skin lesions that interfere with the motion of your joints and that very seriously limit your use of more than one extremity; that is, two upper extremities, two lower extremities, or one upper and one lower extremity.
>
> b. Skin lesions on the palms of both hands that very seriously limit your ability to do fine and gross motor movements.
>
> c. Skin lesions on the soles of both feet, the perineum, or both inguinal areas that very seriously limit your ability to ambulate.

Id. 8.00(C)(1)(a)-(c). In addition:

> 2. Frequency of flareups. If you have skin lesions, but they do not meet the requirements of any of the listings in this body system, you may still have an impairment that prevents you from doing any gainful activity when we consider your condition over time, especially if your flareups result in extensive skin lesions, as defined in

C1 of this section. Therefore, if you have frequent flareups, we may find that your impairment(s) is medically equal to one of these listings even though you have some periods during which your condition is in remission. We will consider how frequent and serious your flareups are, how quickly they resolve, and how you function between flareups to determine whether you have been unable to do any gainful activity for a continuous period of at least 12 months or can be expected to be unable to do any gainful activity for a continuous period of at least 12 months. We will also consider the frequency of your flareups when we determine whether you have a severe impairment and when we need to assess your residual functional capacity.

Id. 8.00(C)(2).

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1545(a)(5). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021) (citing Schink, 935 F.3d at 1268); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination")

(citing 20 C.F.R. § 404.1545; <u>Reeves v. Heckler</u>, 734 F.2d 519, 525 (11th Cir. 1984)).

Here, the ALJ found at step three that Plaintiff did not meet or equal a Listing. Tr. at 14. The ALJ particularly wrote about Listing 8.06: "[Plaintiff] does not meet [L]isting 8.06 for hidradenitis supperativa because [she] has not had extensive skin lesions involving both axillae, both inguinal aeras or the perineum that persist for at least 3 months despite continuing treatment as prescribed." Tr. at 15.

Later, in discussing the evidence as it related to Plaintiff's RFC, the ALJ recognized Plaintiff's allegations about her skin condition affecting her ability to sit, stand, and reach depending on the location of the boils on her skin. Tr. at 17; <u>see</u> Tr. at 43-44. The ALJ observed that "[d]espite the ongoing hidradenitis suppurativa, [Plaintiff] takes no medication for that impairment." Tr. at 17; <u>see</u> Tr. at 48. The ALJ found Plaintiff's "allegations are only partially consistent because the treatment records do not support her allegations." Tr. at 18.

The ALJ discussed some of the medical evidence on Plaintiff's skin condition. Tr. at 18-19. The ALJ recognized Plaintiff underwent an excision procedure of the hidradenitis just prior to the application date (September 30, 2019). Tr. at 18; <u>see</u> Tr. at 305-06. The ALJ then related a few follow up

examinations on the skin condition in 2019 and early 2020 that included at least one new abscess but otherwise were unremarkable. Tr. at 18-19.[4]

But, the ALJ omitted any discussion whatsoever of the detailed and extensive treatment notes from the Cuban Skin Institute, located at Exhibit 13F, that document ongoing wounds and treatment measures from August 2019 through August 2021.[5] Tr. at 18-19; see Tr. at 993-1125. Without being satisfied that these records were adequately considered, judicial review is frustrated. The matter must be reversed and remanded for reconsideration of the evidence on Plaintiff's skin condition, including whether it meets or equals a Listing, and whether it affects Plaintiff's RFC.

## V.    Conclusion

In light of the foregoing, it is

**ORDERED**:

1.    The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), **REVERSING** the Commissioner's final decision and **REMANDING** this

---

[4]    The ALJ also summarized the results of a July 2020 consultative examination that found Plaintiff had "extensive scarring at the axillae, distal abdomen, around the medial buttocks, and beneath the breasts" but "no draining lesions" and "no tenderness to palpitation in the axillae." Tr. at 19; see Tr. at 917-19. The ALJ noted Plaintiff's "normal range of motion" and normal gait without an assistive device. Tr. at 19; see Tr. at 914-16, 918.

[5]    Perhaps these records were overlooked because they were submitted post-hearing (but with the ALJ's permission). See Tr. at 55-56 (discussion of counsel attempting to obtain records), 1126 (cover letter indicating submission of records on September 7, 2021), 12 (ALJ admitting Exhibit 13F).

matter with the following instructions:

> (A)    Reconsider the evidence relating to Plaintiff's skin condition, including whether it meets or equals a Listing, and whether it affects Plaintiff's RFC; and

> (B)    Take such other action as may be necessary to resolve this claim properly.

2.    The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on September 29, 2023.

JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record